22111

Dorothy M. STORK, Appellant, v. FIRST NATIONAL BANK OF SOUTH CAROLINA, as executor of the Estate of Raymond M. Stork, Jr., Respondent.

(316 S. E. (2d) 400)

Supreme Court

*Brian L. Boger*, Columbia, *for appellant.*

*Charles W. Knowlton* and *Daryl L. Williams*, of *Boyd, Knowlton, Tate & Finlay*, Columbia, *for respondent.*
Heard Dec. 7, 1983.

Decided May 22, 1984.

LITTLEJOHN, Justice:

Appellant, the widow of Raymond M. Stork, Jr., commenced this action against Respondent, the Executor of his Will, asking that the court grant her dower rights in the estate of her husband who died testate on May 12, 1979. In its answer the Executor, in essence, alleges that the widow is barred from recovery (1) by reason of an antenuptial agreement and (2) because the right of dower heretofore existing in this State

is unconstitutional as violative of the equal protection clauses of the United States and the State Constitutions. The trial judge granted the Executor's motion for summary judgment, holding that the antenuptial agreement was binding and barred the widow's claim. He declined to rule upon the constitutional issue finding it unnecessary to a determination of the case.

The widow has appealed alleging that there are genuine issues of material facts which should have been preserved for the jury. The Executor filed additional sustaining grounds submitting that the Order should be affirmed regardless of the antenuptial agreement because dower is unconstitutional and violative of the equal protection clauses of both constitutions. We affirm.

Antenuptial agreements, which usually involve the wife-to-be giving up her right to dower in consideration of marriage, will be enforced if made voluntarily and in good faith and if fair and equitable. *Rieger v. Schaible*, 81 Neb. 33, 115 N.W. 560 (1908) (citing *Pierce v. Pierce*, 71 N.Y. 154, 27 Am. Rep. 22). Such contracts are not opposed to public policy but are highly beneficial to serving the best interest of the marriage relationship. The trial judge found, and we agree, that the antenuptial agreement is enforceable. Summary judgment was properly granted.

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.